**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

IN RE:

Discount Warehouses LP                                   Case No. 26-
                                                         Chapter 11 proceeding

              Debtor.                                    Judge: Joel D. Applebaum
_____/

**COVER SHEET FOR FIRST D AY MOTION TO USE CASH <u>COLLATERAL OR TO
OBTAIN CREDIT</u>**

The debtor has filed a motion to use cash collateral or to obtain postpetition financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | _____Yes <br><br> __X__ No | Page _____, ¶ _____ |

| | | |
|---|---|---|
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (8) Provisions for the payment of prepetition debt. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes <br><br> __X__ No | Page _____, ¶ _____ |

| | | |
|---|---|---|
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____Yes<br><br>__X__ No | Page _____, ¶ _____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____Yes<br><br>__X__ No | Page _____, ¶ _____ |
| (16) Provisions that purport to bind a subsequent trustee. | _____Yes<br><br>__X__ No | Page _____, ¶ _____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____Yes<br><br>__X__ No | Page _____, ¶ _____ |

Respectfully submitted

/s/ Peter T. Mooney
Peter T. Mooney (P47012)
5206 Gateway Centre #200
Flint, MI 48507
Dated: January 12, 2025      (810) 235-9000

UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF
MICHIGAN

IN RE:

Discount Warehouses LP            Case No. 26-31510
           Chapter 11 proceeding

       Debtor.            Judge: Joel D. Applebaum

_____/

**FIRST DAY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL PURSUANT
TO 11 U.S.C. § 363, GRANTING ADEQUATE PROTECTION PURSUANT
TO 11 U.S.C. § 361, AND SCHEDULING A FINAL HEARING PURSUANT
TO BANKRUPTCY RULE 4001(b)**

NOW COMES Discount Warehouses, LP, ("Discount Warehouses"), and files this

motion (the "Motion") for entry of interim and final orders: (i) authorizing Discount

Warehouses to use Cash Collateral (as defined herein), and (ii) granting adequate

protection and related relief, and scheduling a final hearing. In support of the Motion, the

Debtor respectfully states as follows:

1. Discount Warehouses seeks entry of an interim order, substantially in the form

attached as **Exhibit A** (the "Interim Order"), pursuant to sections 361 and 363 of title 11 of

the United States Code (the "Bankruptcy Code"), rule 4001 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4001-2 of the Local Bankruptcy

Rules for the Eastern District of Michigan (the "Local Bankruptcy Rules") 1) authorizing

Discount Warehouses to use Cash Collateral (as defined below) during the period

commencing on the date of the Bankruptcy Court's entry of this Interim Order and ending

on the earlier of (a) the date the Bankruptcy Court enters a Final Order relative to the

Motion and (b) the date on which the Discount Warehouses right to use Cash Collateral

terminates under the terms of the Interim Order; 2) granting adequate protection; 3) waiving any applicable stay (including under Bankruptcy Rules 4001 and 6004) and providing for immediate effectiveness of the Interim Order; 4) scheduling an interim hearing, pursuant to Bankruptcy Rule 4001, to consider entry of the Interim Order; and 5) scheduling a final hearing to consider entry of the final order granting the relief requested in the Motion on a final basis.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On June 26, 2026 (the "Petition Date"), Discount Warehouses filed a chapter 11 petition for relief commencing the above captioned chapter 11 case (the "Chapter 11 Case").

5. Discount Warehouses operates an apartment building known as "Clio Gardens Apartments" located at 6914 Clio Court in Flint, Michigan, which is Discount Warehouses' primary asset and only business. Discount Warehouses is currently operating its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Discount Warehouses is a Nevada limited partnership with authority to operate in Michigan.

7. Discount Warehouses is a limited partnership. It is controlled by Barry Cohen.

8. Pursuant to Rule 4001(b)(1)(B)(i), Discount Warehouses lists the following entities which may claim an interest in cash collateral based on a UCC-11 search. Both have been emailed this

motion at the time of filing.

    (a)  Zlur Funding ("Zlur") based on a UCC-1 filing in the State of Nevada..

    (b)  Churchill MRA Funding I ("Churchill") may have a security interest based on the parties' loan documents though Debtor has been unable to locate a filed UCC-1 in either Nevada or Michigan. Nothing in this motion is intended to concede that Churchill has a valid, perfected security interest.

9. Copies of the UCC financing statement identified by Discount Warehouses' UCC-11 search are attached as **Exhibit B**.

10. Discount Warehouses' records indicate that Churchill is owed $2,838,905.25, and Zlur is owed $8,517.60.

11. Discount Warehouses had the following assets at the time of filing:

- 6914 Clio Court, Flint, MI -- $5,200,000.00
- Miscellaneous office equipment, furniture, fixtures etc -- $800.00.
- Chase Bank Account – $510.38
- Tenant Deposits -- $26,326.38
- Tenant receivables - $4,552.00.

12. A secured creditor with an interest in cash collateral is entitled to adequate protection to the extent of the anticipated or actual decrease in the value of the collateral during the course of the bankruptcy case. *In re TeVoortwis Dairy, LLC*, 605 B.R. 833 (Bankr. E.D.Mich., 2019).

13. Discount Warehouses anticipates operating at a positive cash flow and in a way that would not negatively impact its secured creditors. The attached monthly budget shows revenues of $28,000.00 per month and expenses of $23,310.00. See profit loss/budget attached as **exhibit C**.

14. Discount Warehouses does not have available sources of working capital and/or

financing sufficient to carry on business operations without the use of the Cash Collateral.

15. The proposed Interim Order authorizes Discount Warehouses to continue using the Cash Collateral on an interim basis in accordance with the information prepared by Discount Warehouses for this Motion. The expenses are set forth in the profit loss in the attached Exhibit C. Exhibit C includes all categories of reasonable, necessary, and foreseeable expenses to be incurred in connection with the operation of Debtor's business for the applicable period and is designed to provide Discount Warehouses with adequate liquidity pending a final hearing. While that budget shows anticipated monthly expenses in the amount of $23,310 there is enough uncertainty in Debtor's business relating to maintenance and other varied expenses that Debtor would seek authority to use $26,000.00 per month. Discount Warehouses would note that revenues are not constant and the amount of operating surplus shown in Exhibit C may vary, but Debtor does not anticipate operating in the negative. Under the proposed Interim Order, Discount Warehouses' right to use Cash Collateral commences on date the order is signed and remains in effect until a final hearing.

16. Debtor's principal has executed a sworn declaration supporting the accuracy of the information set forth above. See declaration of Barry Cohen attached as **exhibit D.**

17. Discount Warehouses requests interim and final orders authorizing the use of Cash Collateral on an interim basis in the amount of its monthly expenses pending a hearing and a final order authorizing use until the date a plan of reorganization is confirmed or until such use is terminated.

18. The authority to use Cash Collateral would terminate upon dismissal or conversion or upon an order of this Court.

19. Section 363(e) of the Bankruptcy Code provides that, regarding cash collateral, the Court

"shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Section 361 of the Bankruptcy Code delineates the forms of adequate protection, which include periodic cash payments, additional liens, replacement liens and other forms of relief. 11 U.S.C. § 361. The focus of the requirement is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use.

20. Discount Warehouses makes the following offer of adequate protection to the first perfected lienholder in this case. Discount Warehouses proposes that Zlur and Churchill, if its security interest is perfected, be granted a post-petition lien on its cash collateral arising post-petition to replace the lienholder's pre-petition Cash Collateral security interest. The post-petition lien would be limited to the extent of the value of any perfected lien which existed as of the filing date in favor of the first perfected lienholder and hold the same priority held in the pre-petition Cash Collateral.

21. Discount Warehouses will agree pay all post-petition taxes or charges assessed to avoid any priming liens.

22. Discount Warehouses will agree that it shall not engage in any sales or other disposition of its assets not in the ordinary course of business without the order of the Court.

23. Given the limited value of the Cash Collateral at issue, Discount Warehouses asserts that this is sufficient to adequately protect the lender's interest in Cash Collateral. In addition, whether or not Churchill has a security interest in Discount Warehouses' accounts Churchill does hold a mortgage on property with an estimated over $2 million in equity.

24. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral may not be commenced earlier than fourteen (14) days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the

motion to the extent necessary to avoid immediate and irreparable harm to Discount Warehouses' estate pending a final hearing. Discount Warehouses requests that the Court conduct an expedited preliminary hearing on this motion and (a) authorize Discount Warehouses to use cash collateral on an interim basis, pending entry of a final order, in order to (i) maintain and ensure the ongoing operations of Discount Warehouses, and (ii) avoid immediate and irreparable harm and prejudice to Discount Warehouses' estates and all parties in interest and (b) schedule a hearing to consider entry of a final order. A proposed order setting that hearing is attached as **exhibit E.**

25. The use of Cash Collateral will provide Discount Warehouses with the ability to meet its immediate and near-term obligations. Failure to meet these obligations almost certainly would have a long-term negative impact on the value of Discount Warehouses' assets and business, to the detriment of all creditors and parties in interest. Accordingly, the interim relief requested is critical to preserving and maintaining the going concern value of Discount Warehouses.

26. Notice of this Motion will be given to (i) the Office of the United States Trustee; (ii) Discount Warehouses' twenty largest unsecured creditors, which includes all creditors with secured interests in cash collateral; and (iii) electronically to those parties who have filed a notice of appearance and request for service of pleadings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, Discount Warehouses submits that no other or further notice is required.

**WHEREFORE**, Discount Warehouses respectfully requests that this honorable Court grant its Motion and enter interim and final orders permitting Discount Warehouses to use Cash Collateral while granting it any further or different relief the Court may deem just and equitable.

Respectfully submitted


/s/ Peter T. Mooney
Peter T. Mooney (P47012)
5206 Gateway Centre #200
Flint, MI 48507
Dated: June 29, 2026                         (810) 235-9000