**UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 Proceeding |
| Discount Warehouses, | ) | |
| | ) | Case No. 25-31510 |
| | ) | |
| Debtor. | ) | Hon. Mark A. Randon |
| ______________________________________/ | | |

**DEBTOR DISCOUNT WAREHOUSES' RESPONSE TO CHURCHILL MRA FUNDING, LLC'S OBJECTION TO MOTION OF THE DEBTOR FOR ENTRY OF FINAL ORDERS (I) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING SECURED BY LIENS ON PROPERTY OF THE ESTATE, (II) GRANTING SUPER PRIORITY CLAIMS PURSUANT TO SECTIONS 364(c)(1) and 364(d) OF THE BANKRUPTCY CODE, AND (III) SCHEDULING A FINAL HEARING, AND (III) GRANTING CERTAIN RELATED RELIEF**

Churchill MRA Funding, LLC's ("Churchill") objection to Debtor's motion for Debtor-in-Possession financing relies primarily on two grounds. The first is that Churchill claims that Discount Warehouses has not demonstrated an inability to obtain credit on more favorable terms, and the second is that its interest is not adequately protected. It is Discount Warehouses' position that neither of Churchill's arguments are sufficient to justify denying this motion.

## I. Debtor Has Met Its Burden Under Section 364(d)(1)(A) that it is unable to obtain Credit Other Than as Proposed.

Neither the Code nor the case law is crystal clear about required extent of Debtor's efforts that sufficient to show that it is unable to obtain credit by other means. "Case law provides little guidance as to the quantity or quality of evidence a debtor must provide in establishing an inability to obtain alternative financing as required by § 364(d)(1)(A). In fact,

while SunTrust implies that evidence in addition to testimony is required, a debtor's testimony alone may be sufficient in establishing the necessity of a post-petition lien." *Suntrust Bank v. Den-Mark Const., Inc.*, 406 B.R. 683, 692 (E.D.N.C. 2009).

While the case law may not define in detail how to demonstrate an inability to obtain alternative financing, Mr. Cohen made substantial efforts to locate alternative financing, speaking to at least 25 different lenders. In support of its objection, Churchill cites *In re Stacy Farms*, 78 Bankr 494, 498 (Bankr. S.D. Ohio 1987) for the proposition that Mr. Cohen's efforts were insufficient. *Stacy Farms* involved a Debtor whose principal sought credit from just two institutions whereas Mr. Cohen reached out to 12 times that many lenders. In addition, Mr. Cohen's decades of experience in real estate development provides additional support to his ability to describe what likely is and isn't available in the market. See update declaration of Barry Cohen describing his unsuccessful efforts to obtain financing attached as exhibit one.

Churchill also objects to the terms of the proposed financing. It should not be surprising that a debtor in Chapter 11 is unlikely to be offered the lowest interest in the marketplace. As noted in the declaration, the terms proposed are both the best that can be obtained, and as Mr. Cohen is a principal of the Debtor he would benefit from a lower interest rate he would have no incentive to seek anything other than the best loan terms that available.

Debtor would ask this Court to determine that Debtor has demonstrated an inability to obtain alternative financing.

## II. Debtor Has Provided Adequate Protection of Churchill's Interest.

Churchill argues that it is not adequately protected based largely on a recent appraisal it obtained. Churchill's appraisal shows an "as is" value of $3,400,000.00 and liquidation value

of $2,900,000.00.

Discount Warehouses has obtained an updated appraisal, attached as exhibit two, that finds a current, "as is" value of $4,900,000.00 and an "as completed" value of $6,500,000.00. Discount Warehouses' appraisal indicates that there is sufficient value to provide an equity cushion to both loans immediately and that will be substantial equity on completion.

Churchill relies in part on the *In Re Packard Square* case in support of its position that its interest is not adequately protected. There are significant differences between that case and the one before this Court, including the fact that the proposed loan in that case would have created an immediate equity deficit. "This lien sum equals $81,625,346.49. Thus, the total amount of the proposed priming lien plus the existing liens is greater than the current, As–Is Value by $3,745,346.49. This, of course, is an equity deficit, not an equity cushion". *In re Packard Square LLC*, 574 B.R. 107, 122 (Bankr. E.D. Mich. 2017). Here, as noted above, the Court has before it an appraisal showing an equity cushion.

There are other differences between this Chapter 11 and *Packard Square. Packard Square* involved a project that was completely unoccupied at time of filing. In his opinion, Judge Tucker concluded not only that there would be an immediate deficit at the time the loan was financed, but that there was no evidence of how much the value would increase as the work was done and the property began generating income. In other words, it was difficult to calculate how in *Packard Square* an equity cushion would grow or emerge. In this case, Debtor would note that the appraisal report prepared by IRR for Churchill contains a "sales approach" value of $78,000.00 per completed unit, meaning that there would be substantial increase in the value of the project as each unit is completed. This increase

would happen as loan money is being expended so each increase in that balance would be paired with an increase in value. When all 84 units are completed that approached would generate a value of $6,552,000, which is substantially higher than the existing Churchill plus the proposed 364 Capital, LLC mortgage.

In addition, the IRR appraisal indicates a renovation budget of $1,820,000.00. That is over double that actual renovation cost as set forth in Discount Warehouses' motion with no explanation for the discrepancy. In addition, many of the potential tenants come directly from local housing agencies who maintain waiting lists so the $200,000 lease up figure is excessive.

Debtor believes that, based on Mr. Cohen's declaration and the updated appraisal, it has satisfied the requirements set forth under Section 364 for this Court to grant its motion to obtain Debtor in Possession financing.

Respectfully submitted,
**SIMEN, FIGURA & PARKER P.L.C**

/s/ Peter T. Mooney
Peter T. Mooney (P47012)
5206 Gateway Centre #200
Flint, MI 48507
(810) 235-9000